# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| ALEX PENLAND,<br>    Plaintiff, | Case No. 1:13-cv-020 |
| vs | Weber, J.<br>Bowman, M.J. |
| JOSEPH T. DETERS, et al.,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, an inmate at the Pickaway Correctional Institution, brings this civil rights action against defendants Hamilton County and Hamilton County officials Prosecutor Joseph T. Deters, Assistant Prosecutor Melinda Rinehart, (now former) Sheriff Simon Leis, and Deputy Sheriff Timothy Nash in their official and individual capacities. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). This matter is also before the Court on plaintiff's motions for leave to file one copy of his complaint. (Docs. 9, 11).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff

cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff, who is proceeding pro se, brings this action against defendants under 42 U.S.C. §

1983.  The complaint indicates that plaintiff was arrested on August 3, 2012 and charged with trafficking and possession of drugs in the Hamilton County, Ohio Court of Common Pleas, case number B-1105110.  (Doc. 8, p. 4).  Following his criminal conviction, civil forfeiture proceedings were initiated regarding property seized in connection with plaintiff's arrest.  Plaintiff asserts seventeen causes of action in the complaint, all either relating to the seizure of plaintiff's personal property or to his being identified as an informant during the civil forfeiture proceedings.

With regard to the seizure of his personal property, plaintiff indicates that "$800.00 U.S. Currency, a pair of woodgrain Cartier eyeglasses, a cellular phone, wallet, credit cards, and professional identifications, a set of keys, and business papers" were seized in connection with his arrest and conviction.  Plaintiff alleges that this seizure resulted in a violation of the Fourth Amendment, as he claims these items were seized "without a warrant and without probable cause, and none of the times were contraband, nor weapons."  *Id*. at 4.  Plaintiff further alleges that defendants Nash and Rinehart initiated the forfeiture proceedings in retaliation for plaintiff's failure to cooperate with law enforcement and for requesting the presence of an attorney during police questioning.  *Id.* at 8, 29.  According to plaintiff, defendant Leis instructed Nash not to seek forfeiture on all of his property because there was not probable cause to do so.  He claims that defendants only sought forfeiture of the $800 and has not issued a release of the remaining items.  *Id.* at 7.  As a result he claims that defendants have deprived him of his property in violation of his constitutional rights to due process and to be free from unreasonable seizures.  *Id.* at 6-7.

Plaintiff further alleges that defendant Rinehart, under the direction of Deters, identified

3

plaintiff as an informant in a civil forfeiture document. He avers that he never cooperated with law enforcement and claims that defendants violated his right to privacy and exposed him to a substantial risk of bodily harm by making the document a public record. *Id* at 4-5. Plaintiff alleges that defendants Deters and Rinehart deliberately identified plaintiff in the document in retaliation for his failure to cooperate with law enforcement. *Id.* at 9, 13-14. Plaintiff also alleges that he was identified in the forfeiture document in retaliation for challenging the forfeiture, requesting a jury trial, and exercising his right to counsel. *Id.* at 19-20, 23, 29.

Based on the above facts, plaintiff brings seventeen causes of action. First, the complaint includes a number of claims purportedly against all named defendants. In his first cause of action, titled declaratory judgment, plaintiff asks the Court "to declare the rights between the parties, and to declare that Defendants ha[ve] violated Plaintiff's substantive and procedural constitutional rights and placed Plaintiff in special danger that [] ordinary citizens don't face by the malicious, intentional, and purposefully identifying Plaintiff as a[] informant absent any legitimate governmental interest." *Id.* at 5. In his fourteenth cause of action, plaintiff alleges that defendants committed tortious acts in concert. *Id.* at 29-30. Plaintiff brings a claim of loss of consortium in his sixteenth cause of action. *Id.* at 32. Finally, in his seventeenth cause of action, plaintiff claims that all defendants denied him equal protection in identifying him publicly as an informant. *Id.* at 32-33. Plaintiff contends that he was treated differently than similarly situated individuals and that there is no rational basis for the difference in treatment. *Id.* at 33.

Against defendant prosecutors Deters and Rinehart plaintiff makes several claims relating to his being identified as an informant in the forfeiture document.[1] In causes of action four

---

[1] Plaintiff makes two claims related to the forfeiture proceedings against the defendant prosecutors. In his third cause of action, plaintiff brings an abuse of process claim against defendant prosecutor Rinehart and deputy Nash. There,

4

through six respectively, plaintiff brings negligence, willful and malicious injury, and malicious prosecution claims. In the complaint's seventh cause of action, plaintiff claims that defendant Deters failed to adequately train and supervise assistant prosecutors in the Hamilton County Prosecutor's Office regarding individuals' constitutional rights. *Id.* at 12-13. In causes of action nine through eleven respectively, plaintiff claims that defendant prosecutors committed criminal and civil assault; violated plaintiff's Fifth, Eighth and Fourteenth Amendment rights; and subjected him to a state-created danger[2] in making the document public record. *Id.* at 18-27. In his twelfth cause of action, plaintiff seeks injunctive relief. *Id.* at 27. There, plaintiff alleges that the prosecutors intentionally identified him as an informant in the forfeiture proceeding. *Id.* at 28. Plaintiff indicates that he has been told that "the community knows about Plaintiff snitching" and that he has suffered "targeted acts of violence" as a result. Plaintiff alleges that he faces the immediate threat of harm based on defendants' conduct. *Id.* Finally, plaintiff brings a claim of intentional infliction of emotional distress in his fifteenth cause of action. *Id.* at 30-32.

The complaint includes three causes of action against Hamilton County Sheriff Simon Leis and Deputy Sheriff Timothy Nash. Plaintiff alleges that that the defendant sheriffs seized his property in violation of his Fourth Amendment rights in his second cause of action. *Id.* at 6-8. In cause of action number eight, plaintiff alleges that defendant Leis "has failed to adequately train and supervise subordinate[s] and require in service training on the issue of the Fourth and Fourteenth Amendments." *Id.* at 16. Plaintiff further contends that Leis has an unwritten policy

---

he claims that Rinehart and Nash initiated the forfeiture proceeding in retaliation for plaintiff's refusal to cooperate with law enforcement. *Id.* at 8. In cause of action six, plaintiff claims that the prosecutor's initiation of the forfeiture proceedings amounted to a malicious prosecution. *Id.* at 12.

[2] In plaintiff's "state-created danger" cause of action, plaintiff contends that Rinehart and Deters identified plaintiff as an informant in retaliation for his failure to cooperate and violated his substantive due process rights. *See Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 2006) (setting forth a state-created-danger theory of state liability for private violence).

or custom of failing to release seized property. *Id.* at 17. Finally, in cause of action thirteen plaintiff alleges that Nash and Leis retaliated against him for requesting an attorney during police questioning by fabricating the fact that plaintiff offered information on drug dealers. *Id.* at 28-29. Plaintiff also alleges in count three that Deputy Sheriff Nash and Assistant Prosecutor Rinehart abused the process by "set[ting] in motion a petition for forfeiture without having probable cause." *Id.* at 8.

Plaintiff's allegations against Hamilton County are raised in connection with his failure to train/supervise claims. In his seventh cause of action, plaintiff alleges that "[t]he County and Hamilton County Prosecutor's Office has a continuing pattern of civil rights abuse[s] that result from the County['s] deliberate conduct in establishing unwritten policy and custom that encouraged, and acquiesces in the Fourth, Fifth, Eighth and Fourteenth Amendment rights violations." *Id.* at 13. More specifically, plaintiff claims that the injuries resulting from the defendants publicly identifying him as an informant stemmed from Hamilton County's failure to train and supervise its employees with respect to the information included in public documents and "the County's unwritten policy of allowing its subordinates to abandon the written policies at the unilateral discretion of the subordinate." *Id.* at 15-16. In the eighth cause of action, plaintiff essentially makes the same allegations in connection with the seizure of his property. *See id.* at 16-18.

As a result of his factual allegations, plaintiff claims he "has suffered severe mental anguish, fear for his life, safety and well being, and has thoughts of suicide, psychological distress, severe depression, los[s] of sleep, anxiety, fear of returning to home town." *Id.* at 8. In addition, plaintiff claims to have been assaulted several times as a result of his being publicly identified as a

6

being an informant. *Id.* at 18. He seeks a declaratory judgment against defendants in their official capacities and damages against defendants in their individual capacities. *Id.* at 2.

Liberally construed, plaintiff has stated claims for relief relating to his being publically identified as an informant. The complaint states claims for relief against defendant prosecutors Deters and Rinehart in their official capacities and for injunctive relief. Plaintiff has alleged that Hamilton County policy and/or custom was the moving force behind the constitutional violations alleged in causes of action 7, 10, and 11, as is necessary to hold the defendant prosecutors liable in their official capacities. *See Monnell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978). *See also Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 736 (1980) (holding that prosecutorial immunity does not prevent prosecutors from being sued under § 1983 for injunctive relief). Plaintiff has also stated a claim for retaliation for the exercise of a constitutional right against defendants Nash and Leis, in alleging that Nash and Leis fabricated that plaintiff offered information on drug dealers in retaliation for the exercise of his constitutional rights. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff has also stated claims for relief against Hamilton County to the extent that he alleges that his being identified as an informant was the result of the defendant's failure to train, custom and/or policy. *See Heyerman v. County of Calhoun*, 680 F.3d 642, 648-49 (6th Cir. 2012). Liberally construed, the complaint also states an equal protection claim in connection with his being identified as an informant. *See EJS Properties, LLC. v. City of Toledo*, 698 F.3d 845, 864-65 (6th Cir. 2012) ("A class of one may bring an equal-protection claim, where the plaintiff alleges that the state treated the plaintiff differently from others similarly situated and that there is no rational basis for such difference in treatment."). Plaintiff's state-law claims asserted in causes of action 4, 5, 9, 14, 15 and 16 may

7

also proceed.[3]

However, plaintiff's remaining claims must be dismissed. First, plaintiff's claims against the defendant prosecutors in their individual capacities must be dismissed because plaintiff seeks relief from defendants who are immune from such relief. "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'" *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). This includes a county prosecutor's initiation of a prosecution and presentation of the State's case at trial. *Imbler*, 424 U.S. at 431. *See also Jones v. Shankland,* 800 F.2d 77, 80 (6th Cir. 1986). A prosecutor's initiation and presentation of a case to a grand jury falls within the traditional functions of the prosecutor and is shielded by absolute immunity. *Grant v. Hollenbach,* 870 F.2d 1135, 1139 (6th Cir. 1989). Courts have consistently recognized that even the knowing presentation of false testimony to a grand jury or a trial jury are actions protected by absolute immunity. *See Spurlock v. Thompson,* 330 F.3d 791, 797-98 (6th Cir. 2004). *See also Imbler,* 424 U.S. at 413, 430; *Buckley v. Fitzsimmons,* 509 U.S. 259, 267 n. 3 (1993). Such "absolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998).

The Sixth Circuit has held "that prosecutorial immunity extends to proceedings where the prosecutor institutes a civil forfeiture proceeding." *Blakely v. United States*, 276 F.3d 853, 871 (6th Cir. 2002) (citing *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2002)). In this case, plaintiff's claims against the defendant prosecutors derive from the forfeiture proceedings.

---

[3] As noted below, plaintiff's claim of criminal assault in cause of action nine should be dismissed. At this juncture his claim for civil assault, also included in cause of action nine, may proceed.

Specifically, defendants indicated that "Mr. Penland also offered information on drug suppliers in hopes of receiving case consideration" in their opposition to plaintiff's motion for summary judgment in those proceedings. *Id.* at 9. Because plaintiff's allegations occurred within the prosecutors' role as advocates for the government, the defendants are entitled to absolute immunity. *Blakely*, 203 F.3d at 947. Accordingly plaintiff's individual capacity claims against defendants Deters and Rinehart should be dismissed.

Plaintiff's claims challenging his state court civil forfeiture proceedings (causes of action 2, 3, 6 and 8) must also be dismissed. To the extent that plaintiff is attempting to have the court review his state court forfeiture proceedings, this federal court does not sit as a state appellate court and lacks federal jurisdiction to review the state-court decision. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine applies where, as here, a case is brought by the loser in state court complaining of injuries caused by a state-court judgment rendered before the district court proceedings commenced and inviting the district court to review and reject that judgment. *Exxon Mobile Corporation v. Saudia Basic Inds. Corp.,* 544 U.S. 280, 284 (2005). The crucial question is whether the "source of injury" upon which the federal plaintiff bases his federal claim is a state court judgment. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008). "'If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction.'" *Id*. (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)).

A number of federal courts have held that the *Rooker-Feldman* doctrine applies to federal challenges to state forfeiture proceedings. *McQueen v. Williams*, 2011 WL 2182113, at *4 (E.D.

9

La. April 26, 2011) (collecting cases).  *See also, Walker v. Abraham*, 156 F. App'x 536, 537-38 (3rd Cir. 2005) (holding that *Rooker-Feldman* doctrine deprived the court of subject matter jurisdiction over § 1983 action claiming that the initiation of state forfeiture proceedings was unconstitutional); *Lee v. Chang*, No. H-09-320, 2009 WL 311100, at *2-3 (S.D. Tex. Feb. 6, 2009) (applying *Rooker-Feldman* doctrine to dismiss complaint claiming that the seizure and forfeiture of money in a civil forfeiture proceeding was unconstitutional under the Fourth Amendment); *Starcher v. Edwardsburg Police Dept.*, No. 1:06-cv-345, 2006 WL 1653162, at *3-4 (W.D. Mich. June 9, 2006) (same).

In this case, plaintiff brings several claims against the defendant sheriffs and Hamilton County based on the allegedly unconstitutional seizure and forfeiture of his property.[4] Specifically, plaintiff alleges that the seized items were not related to any criminal activity and were seized without probable cause.  Plaintiff raised these claims on multiple occasions in his forfeiture proceedings.[5]  Following a hearing on the merits, the Hamilton County court denied plaintiff's claims and ordered forfeiture.  Therefore, to grant plaintiff relief on his claims relating to the forfeiture in the instant case would require that the Court revisit and invalidate the state court's forfeiture decision, as these claims essentially ask the Court to find that the state court

---

[4] As noted above, in his second cause of action petitioner claims that his property was seized in violation of the Fourth Amendment.  In the third cause of action, plaintiff claims abuse of process based on the allegation that defendants did not have probable cause to support the forfeiture and did not seek forfeiture on all of the property seized.  In cause of action six, plaintiff brings a claim of malicious prosecution based upon the defendant prosecutors instituting or continuing the forfeiture proceedings despite an alleged "void of probabl[e] cause."  *Id.* at 12.  Finally, in the eighth cause of action, plaintiff alleges that Hamilton County failed to train and supervise employees regarding the Fourth and Fourteenth Amendment.  *Id.* at 16-17.

[5] In the forfeiture proceedings, plaintiff filed a traverse, a motion to return property, a motion for summary judgment, an amended traverse and verified counterclaim, and a second motion for summary judgment.  Plaintiff argued that the state failed to demonstrate that the property was contraband, proceeds or instrumentalities of any offense charged, that additional items were seized and that the seizure violated his Fourth Amendment rights.  Plaintiff's amended traverse and counterclaim also included claims raised in the instant case, including claims of malicious prosecution and abuse of process.  (*see* Hamilton County Case No. M-1101121, found at www.courtclerk.org).

improperly found forfeiture warranted. *See Pennzoil Co. v. Texaco*, *Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring) ("[i]f the constitutional claims presented to a United States district court are inextricably intertwined with the merits of a judgment rendered in state court, then the district court is in essence being called up on to review the state-court decision. This the district court may not do.") (internal quotation marks and citation omitted); *Lavrack v. City of Oak Park,* No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999) (finding that the plaintiff could not invoke federal jurisdiction over claims challenging a state court judgment by couching her claims in terms of a civil rights action). The source of injury in this case is ultimately the forfeiture of plaintiff's belongings, as ordered by the state court. Accordingly, plaintiff's claims pertaining to the forfeiture should be dismissed because these claims are barred by the *Rooker-Feldman* doctrine.

In addition, to the extent that plaintiff asserts that the seizure of his property resulted in a due process violation, he has failed to state an actionable claim under § 1983. In order to assert a due process claim, plaintiff must first plead, and ultimately prove, the inadequacy of state remedies for redressing the wrong. *See Vicory v. Walton,* 721 F.2d 1062, 1066 (6th Cir.1983). *See also Hudson v. Palmer,* 468 U.S. 517 (1984); *Parratt v.* Taylor, 451 U.S. 527 (1981), *overruled in part on other grounds, Daniel v. Williams,* 474 U.S. 517 (1984). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587–88 (6th Cir. 2004). Therefore, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati,* 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory,* 721 F.2d at 1066). A plaintiff

11

"may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson,* 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate. Plaintiff's complaint fails to explain why a state tort remedy for conversion would not suffice to address his claim. *See Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999). Therefore, plaintiff fails to state a due process claim that is actionable in this § 1983 proceeding.

Finally, plaintiff's claim asserting that defendants Rinehart and Deters committed a criminal assault against him must be dismissed. "In the absence of a specific provision to the contrary, criminal statutes generally do not create a private cause of action, but give rise only to a right of prosecution by the state." *Ibanez v. Mosser*, No. 11AP-1100, 2012 WL 4364343, at *2 (Ohio App. 10 Dist. Sept. 25, 2012) (quoting *George v. State*, Nos. 10AP-4, 2010 WL 4264417, at *7 (Ohio App. 10 Dist. Oct. 28, 2010)). Because Ohio's criminal assault statute does not provide plaintiff a private cause of action, this claim must be dismissed for failure to state a claim upon which relief may be granted. Having performed only a cursory review of plaintiff's remaining state-law claims, these claims may proceed at this stage of the proceedings.

Accordingly, in sum, plaintiff's claims against defendant prosecutors Deters and Rinehart in their individual capacities should be dismissed because defendants are immune from monetary damages under 28 U.S.C. § 1983. Plaintiff's claims challenging the state forfeiture proceedings (causes of action 2, 3, 6 and 8) should also be dismissed. Finally, plaintiff's state-law claim of criminal assault asserted in cause of action nine should also be dismissed. At this juncture

12

plaintiff's remaining claims, including his remaining pendent state-law claims, should be permitted to proceed.

Plaintiff has also filed two motions for leave to file one copy of his complaint. (Docs. 9, 11). Plaintiff's motions are **GRANTED** to the extent that he requests leave to file one copy of his complaint.

Plaintiff's second motion also includes a motion for leave to amend his complaint. (Doc. 11). However, plaintiff has already submitted two amended complaints (*See* Docs. 2, 8) and the proposed amended complaint does not include additional causes of action or cure any of the deficiencies set forth above.[6] Accordingly, plaintiff's motion to amend the complaint should be **DENIED**.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff's claims against defendants Deters and Rinehart in their individual capacities and his claims asserting criminal assault be **DISMISSED**. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff's claims asserted in causes of action 2, 3, 6 and 8 should also be **DISMISSED** because these claims are barred by the *Rooker-Feldman* doctrine. Finally, plaintiff's motion for leave to file a third amended complaint (Doc. 11) should be **DENIED**.

### IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of plaintiff's second amended complaint (Doc. 8), summons, the separate Order granting prisoner *in forma pauperis* status, and this Order and Report and Recommendation upon defendants as directed by plaintiff. All costs of

---

[6] Plaintiff indicates that the proposed amended complaint is offered "to present facts in proper form." (Doc. 11, p. 1).

service shall be advanced by the United States.

      2.      Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

      3.      Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

        *s/ Stephanie K. Bowman*
        Stephanie K. Bowman
        United States Magistrate Judge

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

ALEX PENLAND,  
    Plaintiff,

vs

JOSEPH T. DETERS, et al.,  
    Defendants.

Case No. 1:13-cv-020

Weber, J.  
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).